UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

**ALBERTO VENEREO,**

        **Plaintiff,**

vs.                                   **CASE NUMBER: 1:20-cv-21446-JAL**

**KINDRED HEALTHCARE, INC.,**

        **Defendant.**

_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant, **KINDRED HEALTHCARE, INC.,** by and through its undersigned counsel, and pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), moves to dismiss the Amended Complaint of the Plaintiff, **ALBERTO VENEREO**, and in support thereof, states as follows:

    1.    The Pleader has failed to assert an amount in controversy and as such, this Court is without subject matter jurisdiction over the asserted claims; and

    2.    The Pleader has failed to adequately plead a claim for common law invasion of privacy.

The following failures mandate dismissal of the Amended Complaint:

## MEMORANDUM OF LAW

Pursuant to Southern District Court General Rule 7.1(c), Defendant submits this, its Memorandum of Law in support of its Motion to Dismiss.

## **PLEADING REQUIREMENTS IN FEDERAL CASES**

The pleading requirements in Federal civil cases are set forth in Fed.R.Civ.P. 8(a). The rule provides that a pleading, in order to state a claim for relief, must contain the following: A "short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed.R.Civ.P. 8(a)(1); a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); and a "demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a)(3).

For decades, the rule was construed to permit pleading facts that "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct.99, 103 (1957).* The accepted rule was "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id. 355 U.S. at 45-46, 78 S.Ct. at 102*. This type of pleading was given the moniker "notice pleading."

Recent case law holds that the "notice pleading" or "no set of facts" pleading standard has been retired. In *Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955,* the Plaintiffs alleged an antitrust conspiracy among certain regional telecommunications providers in violation of the Sherman Act. Their complaint relied on allegations of the Defendants' parallel behavior to allege the conspiracy. The Supreme Court granted certiorari to address the proper standard for pleading an antitrust conspiracy through allegations of parallel conduct. Justice Souter wrote the opinion, and he noted that while a complaint that is attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusion, and a formulaic recitation

2

of the elements of a cause of action will not do." *Id. 550 U.S.at 555, 127 S.Ct. at 1965*. The Court explained that "[f]actual allegations must be enough to raises a right to relief above a speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. The Court ultimately held that to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id. 550 U.S. at 570, 127 S.Ct. at 1974*. The Court pointed out that this "plausibility standard" is not akin to a "probability requirement" at the pleading stage, but that the standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Id. 550 U.S. at 556, 127 S.Ct. at 1965.* The Court concluded that when plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id. 550 U.S. at 570, 127 S.Ct. at 1974.*

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) was the next important case in the evolution of the Federal pleading standard. The *Ashcroft* matter was a claim by Javaid Iqbal, a Muslim Pakistani who had been arrested after the September 11, 2001 terrorist attacks. He sued current and former federal officials, including John Ashcroft, former Attorney General of the United States, and Robert Mueller, the Director of the FBI. Plaintiff alleged that the Defendants had adopted and implemented a policy of detaining persons of high interest after the attacks based upon race, religion or national origin in violation of the First and Fifth Amendments of the Constitution. *Id. at 556 U.S. 668-69. 129 S.Ct. at 1944.* The Plaintiff's complaint was an example of colorful and descriptive conclusions about the roles of the Defendants relative to his arrest and incarceration. *Id*. The Supreme Court evaluated the *Iqbal* complaint in light of the *Twombly* Court's construction of Rule 8. The Court held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id 556 U.S.*

3

*at 678, 129 S.Ct. at 1949.*  Second, restating the plausibility standard, the Court held that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief." *Id*. *556 U.S. at 679, 129 S.Ct. at 1950.*  The Court suggested that courts considering motions to dismiss adopt a two-pronged approach in applying these principles:  First, eliminate any allegations in the complaint that are merely legal conclusions; and Second, where there are well-pled factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id. 556 U.S. at 679, 129 S.Ct. at 1950.*  The *Iqbal* Court noted that courts may infer from the factual allegations in the complaint "obvious alternative explanations which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer."  *Id. 556 U.S.at 682, 129 S.Ct. at 1951, 1952.*   Finally, the *Iqbal* Court explicitly held that the *Twombly* plausibility standard applies to all civil actions and is not limited to antitrust actions.  *Id. 556 U.S. at 684, 129 S.Ct. at 1953*.

To sum up, the "plausibility standard" has replaced "notice pleading' in Federal civil actions.  See *American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1289 (11th Cir. 2010).*

## JURISDICTION

As a preliminary matter, the Court is obligated to inquire into subject-matter jurisdiction whenever it may be lacking.  *Gonzalez v. Thaler, 565 U.S. 134, 141, 132 S.Ct. 641, 648 (2012).*  Paragraph One of the Amended Complaint alleges two grounds for the Court's subject-matter jurisdiction:  (1) "Supplemental jurisdiction" under 28 U.S.C. §1367 and (2) "Diversity" under 28 U.S.C. §1332.  The Amended Compliant, however, fails to allege facts showing jurisdiction under either statute.

4

Section 1367, by itself, does not automatically provide jurisdiction. A Federal Court must have original jurisdiction (Federal question or diversity) over at least one claim in the case. *Exxon Mobile Corp. v. Allapatah Servs. Inc.,* 545 U.S. 546, 554 125 S.Ct. 2611, 2618 (2005). Thus, Plaintiff cannot rely on Section 1367 unless the Court has diversity jurisdiction over the single claim asserted in the Amended Complaint.

Section 1332 provides subject-matter jurisdiction in cases where litigants are citizens of different states and the amount in controversy exceeds $75,000.00. When the Plaintiff asserts a claim for indeterminate damages, the Plaintiff "bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum". *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir. 2003). A prayer for damages is indeterminate where the complaint does not allege a specific amount of damages. Id. at 808 (citing *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998)).

The Amended Complaint does not allege a specific amount of damages anywhere. Moreover, the single claim seeks intangible damages (humiliation, embarrassment, emotional distress, etc.) that the Plaintiff will likely be unable to quantify. For these reasons, the Amended Complaint should be dismissed for lack of subject-matter jurisdiction. See Fed.R.Civ.P. 12(b)(1). Alternatively, the Amended Complaint fails to properly plead a plausible factual basis for diversity jurisdiction and thus violates Fed.R.Civ.P. 8(a)(1). Dismissal of the Amended Complaint is appropriate.

## **COMMON LAW INVASION OF PRIVACY**

Florida Law recognizes the common law tort of invasion of privacy by public disclosure of private facts based upon Section 652 D of the Restatement (Second) of Torts. See *Cape*

*Publications, Inc. v. Hitchner*, 549 So.2d 1374, 1377 (Fla. 1989).  The elements of this cause of action are: (1) The publication, (2) of private facts, (3) that are offensive, and (4) are not of public concern.  *Id*. The case law also provides that a count for common law invasion of privacy must include an allegation that the publication contained a reference to the Plaintiff he or herself.  *Loft v. Fuller*, 408 So.2d 619, 624 (Fla. 4th DCA 1982).

This tort may be asserted based upon the disclosure of a person's medical information. *Doe v. Univision Television Grp., Inc.*, 717 So.2d 63 (Fla. 3rd DCA 1998).  In *Univision*, a news program disclosed a woman's identity in a story about botched plastic surgeries in Costa Rica. *Id*. at 64.  The Plaintiff agreed to the interview on the condition that her identity would be concealed.  *Id*. The Third District reversed a summary judgment against the patient and recognized her claim for invasion of privacy was viable because she alleged that "private facts of her medical treatment became public".  *Id*. at 64-65.

In the instant case, the Plaintiff has alleged only two of the elements of an invasion of privacy claim.  Paragraph 11 of the pleading alleges the first element by stating that the Defendant published information on its website and the second element by stating that the information concerned his medical condition/treatment and was private.  The Amended Complaint, however, does not include any allegation that the publication was "offensive" (Element Number Three) and "not a public concern" (Element Number Four).  The Amended Complaint also fails to state that the publication identified him.  See *Loft., supra*.  Absent these allegations, the Amended Complaint fails to state a cause of action for invasion of privacy because it does not contain sufficient factual matter to state a claim to relief that is plausible on its face.  As presently pled, it does "not [nudge the claim] across the line from conceivable to plausible.  Rather, the pleader leaves it to conjecture as to whether facts exist to support

elements three and four and whether the publication identified the Plaintiff.  For these reasons, the Amended Complaint should be dismissed for failure to state a cause of action under Fed.R.Civ.P. 12(b)(6).  *Twombly, supra*; *Iqbal, supra*; see also *American Dental Ass'n v. CIGNA Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010).

## CONCLUSION

Plaintiff's Amended Complaint fails to allege facts, specifically, the requisite jurisdictional minimum, for subject matter jurisdiction.  28 U.S.C. §1332.  Similarly, the Amended Complaint does not sufficiently plead the necessary elements of common law invasion of privacy.  *Cape Publications, Inc., supra*; and *Loft, supra.*

Accordingly, the Amended Complaint must be dismissed.  Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P 12(b)(6).

Respectfully submitted,

**BANKER LOPEZ GASSLER P.A.**

*/s/ Cindy Shatkin Avidan*
_____
**CINDY SHATKIN AVIDAN, ESQUIRE**
**Florida Bar No.  0562830**
**1200 South Pine Island Rd., Suite 170**
**Plantation, FL 33324**
**Telephone:  (954) 703-3926 - Direct**
**Facsimile: (954) 533-3051**
**Email: cavidan@bankerlopez.com**
**Service of Pleadings:**
**Service-cavidan@bankerlopez.com**
**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of this document was forwarded via Electronic Service on the 21st day of July 2020 to, Steven F. Grover, Esq., Steven F. Grover,

7

PA, 507 S. E. 11 Ct., Fort Lauderdale, FL 33316, stevenf@grover@gmail.com.

**BANKER LOPEZ GASSLER P.A.**

*/s/ Cindy Shatkin Avidan*

_____
**CINDY SHATKIN AVIDAN, ESQUIRE
Florida Bar No. 0562830
1200 South Pine Island Rd., Suite 170
Plantation, FL 33324
Telephone: (954) 703-3926 - Direct
Facsimile: (954) 533-3051
Email: cavidan@bankerlopez.com
Service of Pleadings:
Service-cavidan@bankerlopez.com
Counsel for Defendant**

8